IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION


UNITED STATES OF AMERICA


VS.                                    CRIMINAL NO. 3:95-cr-60-WHB


CHARLES WARDEN

<u>OPINION AND ORDER</u>

This cause is before the Court on the Motions of Defendant, Charles Warden ("Warden") for Reduction in Sentence Pursuant to 18 U.S.C. § 3582(c)(2).

On August 23, 1995, Warden was charged with, *inter alia*, engaging in a continuing criminal enterprise in violation of 21 U.S.C. § 848, and conspiracy to distribute cocaine base and marijuana in violation of 21 U.S.C. § 846.  On February 9, 1996, Warden pleaded guilty to the continuing criminal enterprise charge. On August 12, 1996, Warden was sentenced to a 360-month term of imprisonment, to be followed by 5 years of supervised release, and was ordered to pay a fine in the amount of $5,000 and a special assessment in the amount of $50.  Warden's sentence was calculated from a base offense level of 38, as he was held accountable for more than 1.5 kilograms of cocaine base.[1]  He received a 4-level upward adjustment for conducting a continuing criminal enterprise,

---

[1] According to the Government, the Pre-sentence Investigation Report shows that Warden was responsible for approximately 107.941 kilograms of cocaine base.

and was granted a 1-level downward departure pursuant to U.S.S.G. § 5K1.1, resulting in a total offense level of 41. The total offense level, combined with a Criminal History Category II, resulted in a sentencing guideline range between 360 months to life imprisonment. Warden has now moved for a reduction in his sentence pursuant to 18 U.S.C. § 3582(c)(2), based on recent changes to U.S.S.G. § 2D1.1, specifically Amendment 706 (as amended by Amendment 711), which lowers the sentencing range for certain cocaine base-related offenses.[2]

Under 18 U.S.C. § 3582:

The court may not modify a term of imprisonment once it has been imposed except that –

.....

in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2).

The decision regarding whether to reduce a sentence under 18 U.S.C. § 3582(c)(2) rests "in the sound discretion of the district

---

[2] Two motions for reduction in sentence have been filed in this case. The first was filed by Warden *pro se* on March 13, 2008. The second was filed on Warden's behalf by Federal Public Defender George Lucas on August 1, 2008.

judge." <u>United States v. Whitebird</u>, 55 F.3d 1007, 1009 (5th Cir. 1995)(citing <u>United States v. Shaw</u>, 30 F.3d 26, 28 (5th Cir. 1994)). When exercising his discretion, the district judge must "consider the sentence it would have originally imposed had the guidelines, as amended, been in effect at the time." <u>Id.</u> (citing U.S.S.G. § 1B1.10(b)). Specifically, U.S.S.G. § 1B1.10 provides:

(b) Determination of Reduction in Term of Imprisonment.

(1) In General. – In determining whether, and to what extent, a reduction in the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement is warranted, the court shall determine the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines listed in subsection (c) had been in effect at the time the defendant was sentenced. In making such determination, the court shall substitute only the amendments listed in subsection (c) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected.

U.S.S.G. § 1B1.10(b)(1).

Additionally, the jurisdiction of the Court under Section 3582(c)(2) is specifically limited to reductions based on changes to the applicable Sentencing Guidelines range, and the policy statement contained in Section 1B1.10(b)(2)(A) is clear that "the [C]ourt shall not reduce the defendant's term of imprisonment under 18 U.S.C. 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range."

In the present case, the Court finds it has no authority under Section 3582(c)(2) to reduce Warden's term of imprisonment because

the amendments made to the Sentencing Guidelines did not change the range applicable to him. Specifically, Warden's offense involved over 100 kilograms of cocaine base. Under the Sentencing Guidelines as amended, specifically Section 2D1.1(c), the Base Offense Level for that amount of cocaine base is 38, which is the same Base Offense Level that was used when Warden was previously sentenced. Thus, the amended Sentencing Guidelines range remains 360 months to life imprisonment, and Warden was previously sentenced to 360 months.

The Court finds that as the Base Offense Level used to calculate Warden's sentence is the same under the prior and amended Sentencing Guidelines, his current sentence should not be reduced under 18 U.S.C. § 3582(c)(2).

## Conclusion

For the forgoing reasons:

IT IS THEREFORE ORDERED that Defendant's Motions for Reduction in Sentence Pursuant to 18 U.S.C. § 3582(c)(2) [Docket Nos. 457, 458] are hereby denied.

IT IS FURTHER ORDERED that the Clerk of Court is directed to send a copy of this Opinion and Order to Defendant at his last known address.

4

IT IS FURTHER ORDERED that the Clerk of Court is directed to send a copy of this Opinion and Order to the United States Department of Probation for the Southern District of Mississippi.

SO ORDERED this the 8th day of October, 2008.

s/ William H. Barbour, Jr.
UNITED STATES DISTRICT JUDGE